**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| HCI TECHNOLOGIES, INC.              )<br>                                                       )<br>           Plaintiff,                         )<br>                                                       )<br>           v.                                      )           Case No. 1:06cv778<br>                                                       )<br>AVAYA, INC., & CATALYST       )<br>TELECOM, INC.                             )<br>                                                       )<br>           Defendant.                      ) | |

**ORDER**

By Order dated July 13, 2006, the Court called for supplemental briefing regarding the arbitrability of plaintiff's antitrust claims. *See HCI Technologies, Inc. v. Avaya, et al.*, Case No. 1:06cv778 (July 13, 2006) (Order). In its supplemental brief, plaintiff relies almost exclusively on *American Safety Equipment Corp. v. J.P. Maguire & Co.*, 391 F.2d 821, 827-28 (2d Cir. 1968), for the proposition that the antitrust claims in issue here are not arbitrable. Yet it is dubious whether this case remains good law: A review of subsequent case law reveals that while the grim reaper may not yet have found *American Safety*'s address, he is certainly in the neighborhood.

In 1985, the Supreme Court granted certiorari in *Mitsubishi Motors Corporation v. Soler Chrysler-Plymouth*, to determine if Soler's antitrust claims in that case were non-arbitrable even though the parties had signed an arbitration agreement. *See* 473 U.S. 614 (1985). Because the Supreme Court held that Soler's claims were arbitrable based on concerns of international comity, the Supreme Court expressly declined to address whether *American Safety* remained good law. *Id.* at 629.

In the wake of *Mitsubishi*, however, several courts of appeal have held that *American Safety* is no longer good law, and that *Mitsubishi* stands for the proposition that all antitrust claims—including those without international implications—are arbitrable.[1] Other circuits have stated that *Mitsubishi* casts serious doubt on *American Safety*'s validity.[2] Finally, both the Supreme Court and the Fourth Circuit have interpreted *Mitsubishi* to establish that most statutory claims are arbitrable. Nor is there any doubt that Sherman Act claims are among those statutory claims that can be arbitrated: Both the Supreme Court and the Fourth Circuit have cited *Mitsubishi* for this exact proposition. *See Gilmer v. Interstate/Johnson Lane Corporation*, 500 U.S. 20, 26 (1991) ("It is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA.") (citing *Mitsubishi*); *Brown v. Transworld Airlines*, 127 F.3d 337, 340 (4th Cir. 1997) (stating that *Misubishi* holds that "Sherman Act claims are arbitrable").

Based on the abundance of case Supreme Court, Fourth Circuit, and other authority on point, it is clear that antitrust claims are arbitrable; therefore, plaintiff's antitrust claims must be dismissed pursuant to the parties' arbitration agreement.[3] Accordingly,

---

[1] *See Seacoast Motors of Salisbury, Inc. v. DaimlerChrysler Motors Corp.*, 271 F.3d 6 (1st Cir. 2001) (expressly rejecting *American Safety* in view of *Mitsubishi*); *Kotam Elecs., Inc. v. JBL Consumer Prods., Inc.*, 93 F.3d 724, 725-28 (11th Cir. 1996) (same); *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1442 (9th Cir. 1994) (same).

[2] *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 250 (7th Cir. 1994), *Swensen's Ice Cream Co. v. Corsair Corp.*, 942 F.2d 1307, 1310 (8th Cir. 1991).

[3] As to plaintiff's counsel's supplemental brief, there is something more. While plaintiff's counsel understandably and appropriately seek to be zealous advocates for their client, they must do so within the confines of their responsibilities as officers of the Court. In view of the vast amount of authority on point—some of which is binding on this Court—rejecting *American Safety* and stating that antitrust claims are arbitrable, plaintiff's counsel's uncritical acceptance of and reliance upon *American Safety* is disappointing. Indeed, it strains credulity to believe that their failure to cite even a single post-*Mitsubishi* case on this issue was accidental,

It is **ORDERED** that plaintiff's antitrust claims are **DISMISSED** pursuant to the parties' arbitration agreement.[4]

The Clerk is directed to send a copy of this Order to counsel of record, and to place the case among the ended matters.

                                                                                                                       /s/_____

Alexandria, Virginia                                                              T. S. Ellis, III
August 3, 2006                                                                 United States District Judge

---

and falls just short of sanctionable.

[4] Dismissal is the appropriate remedy when all claims in a case are governed by an enforceable arbitration agreement. *See Choice Hotels International, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (holding that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"); *Poteat v. Rich Product Corp.*, 91 Fed. Appx 832, 835 (4th Cir. 2004) (same).